**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOLLY JOHNSTON, | No. 12-35030 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00540-PK |
| v. | |
| KIMBERLY-CLARK GLOBAL SALES, LLC, a Delaware foreign limited liability company, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted July 11, 2013
Portland, Oregon

Before: PREGERSON, MURGUIA, and CHRISTEN, Circuit Judges.

   Holly Johnston appeals the district court's order granting summary judgment

in favor of Kimberly-Clark Global Sales, LLC in her diversity action alleging

intentional interference with economic relations under Oregon law.  We review a

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party to determine whether any genuine issues of material fact remain. *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003). We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.

Oregon law governs this dispute. To establish a claim for intentional interference with economic relations in Oregon, a plaintiff must prove: (1) the existence of a professional or business relationship; (2) intentional interference with that relationship; (3) by a third party; (4) accomplished through improper means or for an improper purpose; (5) a causal effect between the interference and damage to the economic relationship; and (6) damages. *McGanty v. Staudenraus*, 901 P.2d 841, 844 (Or. 1995). On appeal, the parties dispute whether Johnston was required to produce admissible evidence that Kimberly-Clark was solely motivated by an "improper purpose." In Oregon:

> a plaintiff does not have to present evidence[,] other than its evidence of an improper motive[,] in order to prove that a defendant was not motivated in part by proper objectives. The fact finder may infer from the existence of an improper motive that it was the defendant's only motive. Once there is evidence of both proper and improper motives, the trier of fact may find that the motives were all proper, all improper or a mixture of both.

*Harm v. Cent. Life Assurance Co.*, 813 P.2d 1103, 1106 (Or. Ct. App. 1991).

2

Kimberly-Clark presented evidence that it was motivated by legitimate purposes, but Johnston offered some evidence that Kimberly-Clark acted with a retaliatory purpose. *See Boers v. Payline Sys., Inc.*, 918 P.2d 432, 436–37 (Or. Ct. App. 1996) (retaliatory motive is improper). Thus, a genuine issue of material fact remains regarding whether Kimberly-Clark acted with an improper purpose. *See Harm*, 813 P.2d at 1106.

Kimberly-Clark argues that *Welch v. Bancorp Management Advisors*, 675 P.2d 172, 178 (Or. 1983), supports its position. *Welch* recognized that where an "agent acts within the scope of his authority and with the intent to benefit the principal," the "agent is not liable to a third party for intentional interference with contract even if the agent acts with 'mixed motives' to benefit himself or another principal as well." *Welch*, 675 P.2d at 217–18. *Welch* is not dispositive because it addresses when an agent who induces a corporation to breach a contract is liable to the other party to the contract for intentional interference with economic relations. Here, Johnston does not allege that Kappes induced Kimberly-Clark to breach a contract with her. Rather, Johnston alleges that Kappes interfered with the economic relationship that existed between Johnston and her employer, Banner & Witcoff.

We also reject Kimberly-Clark's argument that Johnston failed to raise an

3

issue of material fact regarding the intentional interference and causation elements. The record is sufficient to allow a reasonable juror to decide that Kimberly-Clark "intentionally interfered" with Johnston's economic relationship and that a "causal effect" existed between the "interference and damage to the economic relationship." *McGanty*, 901 P.2d at 844. Construing the facts in the light most favorable to Johnston, circumstantial evidence is sufficient for Johnston's complaint to survive summary judgment. Accordingly, we reverse and remand for further proceedings.

**REVERSED and REMANDED.**